ADAMS, Justice.
Factory Outlet Mobile Home Sales, Inc., and Gerald Murray, individually and as owner of Factory Outlet Mobile Home Sales, appeal from a judgment in favor of Northwestern National Insurance Company (“Northwestern”), declaring that Northwestern was not obligated to indemnify and defend Murray pursuant to an insurance policy issued to Factory Outlet Mobile Home Sales by Northwestern in a suit filed against him by Stephanie Jordan and her *909 parents, Joel and Brenda Jordan. The Jor-dans alleged in their complaint that Murray had assaulted Stephanie and that he had caused her emotional distress by refusing to allow her to leave the premises of his home on her first day of work for Factory Outlet Mobile Home Sales. They also alleged that he had provided Stephanie, a minor, with spirituous liquors. We affirm.
The Jordans allege that Stephanie was hired by Murray by telephone and was to report to work at the mobile home sales office as a receptionist on June 5, 1989. According to Stephanie’s version of the facts, an employee of the mobile home sales office drove her from the Huntsville Factory Outlet mobile home office to a tuxedo shop in Florence, Alabama, where she met Murray. Thereafter, she went with Murray to the Florence Factory Outlet mobile home sales office; however, Jordan was not given any work to do while she was there. Murray and Jordan then purchased sandwiches for the office workers at a sandwich shop; picked up posters at a television station, for an event unrelated to the mobile home business; and visited Murray’s sick father in the hospital. Later, they went to a restaurant, where Jordan says she drank beer that was purchased by Murray. She says they then ran other errands personal to Murray and returned to the mobile home sales lot after closing time. Murray was to provide Stephanie with a vehicle in order for her to return to Huntsville; however, the vehicle she was to drive was in the shop. After dining out that evening with another couple, Murray and Stephanie returned to his home. Stephanie was to drive Murray’s automobile back to Huntsville; however, instead, she says, she went into his home to return some jewelry he had asked her to keep for him during the evening. She claims that while she was in Murray’s home, he assaulted her and then prevented her from leaving his home with the automobile she was to drive back to Huntsville.
The Northwestern policy purchased by Factory Outlet Mobile Home Sales provided:
“We will pay all sums an ‘insured’ legally must pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies caused by an ‘accident’ and resulting from ‘garage operations.’ ”
The incident for which the Jordans claim damages in no way arises out of the policy definition of “garage operations.” The incident occurred after office hours at the home of Murray, following a social dinner, and was certainly outside the line and scope of both employees’ work.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.